IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| LORENZO ESTABON THOMAS, § | | |
| TDCJ #654240, § | | |
| § | | |
| Plaintiff, § | | |
| § | | |
| v. § | | CIVIL ACTION NO. H-08-3457 |
| § | | |
| NATHANIEL QUARTERMAN, *et al.*, § | | |
| § | | |
| Defendants. § | | |

## **MEMORANDUM AND ORDER**

The plaintiff, Lorenzo Estabon Thomas (TDCJ #654240, former TDCJ #558185), is a state inmate in custody of the Texas Department of Criminal Justice – Correctional Institutions Division (collectively, "TDCJ"). Thomas has filed a complaint under 42 U.S.C. § 1983, among other things, alleging violations of his civil rights in connection with a prison disciplinary conviction. Thomas appears *pro se* and he seeks leave to proceed *in forma pauperis*. After reviewing all of the pleadings as required by 28 U.S.C. § 1915A, the Court concludes that this case must be **dismissed** for reasons that follow.

### I.     BACKGROUND

According to exhibits attached to the complaint, Thomas was indicted in Montgomery County cause numbers 92-07-00630-CR and 92-07-00631-CR for separate aggravated robbery offenses that were alleged to have occurred on May 8, 1992 and April 21, 1992, respectively. The State enhanced both indictments for purposes of punishment with allegations that Thomas had at least two prior felony convictions for burglary of a building

in Montgomery County cause numbers 90-05-00471-CR and 89-04-00324-CR. The 221st Judicial Court of Montgomery County, Texas, found Thomas guilty of aggravated robbery as charged in cause numbers 92-07-00630-CR and 92-07-00631-CR. The trial court further made an affirmative finding that Thomas used and exhibited a deadly weapon during the commission of both offenses. On May 25, 1993, Thomas was sentenced to concurrent terms of 60 years in prison.

Thomas now sues TDCJ Director Nathaniel Quarterman and several prison officials employed by TDCJ at the Estelle Unit in Huntsville, Texas, where Thomas is presently incarcerated. Thomas complains that he was denied due process during a prison disciplinary proceeding in case #20080209612, in which he was charged with violating TDCJ rules by possessing contraband. As a result of that conviction, entered on April 10, 2008, officials reduced Thomas's custodial and classification level, placed him in solitary confinement for 15 days, and forfeited 730 days of previously earned credit for good conduct (*i.e.*, "good-time" credit). Thomas insists that his constitutional rights were violated during this disciplinary proceeding. He seeks declaratory and injunctive relief as well as compensatory and punitive damages. The Court concludes, however, that the complaint must be dismissed for reasons discussed below.

## II.   **STANDARD OF REVIEW**

The complaint in this case is governed by the Prison Litigation Reform Act (the "PLRA"), which mandates the dismissal of a prisoner's civil rights complaint under the following circumstances. Upon initial screening of a prisoner civil rights complaint, the

PLRA requires a district court to scrutinize the claims and dismiss the complaint, in whole or in part, if it determines that the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted;" or "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b). A reviewing court may dismiss a complaint for these same reasons "at any time" where a party proceeds *in forma pauperis*. 28 U.S.C. § 1915(e)(2)(B) (mandating dismissal where the complaint is "frivolous or malicious," "fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief"). The PLRA also provides that the court "shall on its own motion or on the motion of a party dismiss an action" if it is satisfied that the complaint is "frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief." 42 U.S.C. § 1997e(c).

"A district court may dismiss as frivolous the complaint of a prisoner proceeding IFP if it lacks an arguable basis in law or fact." *Geiger v Jowers*, 404 F.3d 371, 373 (5th Cir. 2005). "A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist." *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997). A review for failure to state a claim is governed by the same standard used to review a dismissal pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. *See Newsome v. EEOC*, 301 F.3d 227, 231 (5th Cir. 2002) (citing *Moore v. Carwell*, 168 F.3d 234, 236 (5th Cir. 1999) (citation omitted)). Under this standard, "[t]he complaint must be liberally construed in favor of the

3

plaintiff, and all facts pleaded in the complaint must be taken as true." *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000). Nevertheless, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1964-65 (2007) (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). A complaint must be dismissed for failure to state a claim if the plaintiff fails to plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 127 S. Ct. at 1974. Of course, "[a] document filed *pro se* is 'to be liberally construed,' . . . and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson v. Pardus*, — U.S. —, 127 S. Ct. 2197, 2200 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

## III.   DISCUSSION

Thomas plainly seeks monetary relief for alleged violations of his civil rights in connection with a prison disciplinary conviction, which resulted in the loss of good-time credit. To recover damages based on allegations of "unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a [civil rights] plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determinations, or called into question by a federal court's issuance of a writ of habeas corpus [under] 28 U.S.C. § 2254." *Heck v.*

*Humphrey*, 512 U.S. 477, 486-87 (1994).  A claim for damages that bears a relationship to a conviction or sentence that has not been so invalidated is not cognizable under 42 U.S.C. § 1983.  *Id.*  If a judgment in favor of the plaintiff would "necessarily imply the invalidity of his conviction or sentence," then the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.  *Id.*  In this context, a "conviction" includes a prison disciplinary proceeding that results in a change to the prisoner's sentence, such as the loss of good-time credits.  *Edwards v. Balisok*, 520 U.S. 641 (1997).

Thomas seeks compensatory and punitive damages for his wrongful conviction in a disciplinary proceeding.  Thomas concedes in his pleadings that the conviction resulted in the loss of good-time credit.  Thomas also concedes that this conviction has not been overturned or otherwise invalidated.  In fact, court records reflect that Thomas has filed a federal habeas corpus petition to challenge the disciplinary conviction at issue in this case.  *See Thomas v. Quarterman*, Civil Action No. H-08-3456 (S.D. Tex.).  That petition remains pending.  Because the allegations in Thomas's civil rights complaint would, if true, necessarily imply the invalidity of his continued incarceration, his claims are not cognizable under 42 U.S.C. § 1983 at this time and his complaint must be dismissed with prejudice.  *See Johnson v. McElveen*, 101 F.3d 423, 424 (5th Cir. 1996) (explaining that claims barred by *Heck* are "dismissed with prejudice to their being asserted again until the *Heck* conditions are met").  To the extent that Thomas seeks injunctive relief rather than monetary damages,

his civil rights claims are likewise barred by the rule in *Heck*. See *Clarke v. Stalder*, 154 F.3d 186 (5th Cir. 1998).

## IV.  CONCLUSION

Based on the foregoing, the Court **ORDERS** as follows:

1. The plaintiff's motion to pursue a civil rights complaint in conjunction with a habeas corpus claim (Doc. # 3) is **DENIED**.

2. The plaintiff's request for leave to proceed *in forma pauperis* (Docket Entry No. 4) is **GRANTED**.

3. The TDCJ Inmate Trust Fund is **ORDERED** to deduct funds from the inmate trust account of Lorenzo Estabon Thomas (TDCJ #654240) and forward them to the Clerk on a regular basis, in compliance with the provisions of 28 U.S.C. § 1915(b), until the entire filing fee ($350.00) has been paid.

4. The plaintiff's complaint is **DISMISSED** with prejudice for failure to state a claim.

**The Clerk is directed to provide a copy of this order to the parties. The Clerk will also provide a copy of this order by regular mail, facsimile transmission, or e-mail to: (1) the TDCJ - Office of the General Counsel, P.O. Box 13084, Austin, Texas, 78711, Fax Number (512) 936-2159; (2) the Inmate Trust Fund, P.O. Box 629, Huntsville, Texas, 77342-0629, Fax Number (936) 437-4793; and (3) the District Clerk for the Eastern District of Texas, Tyler Division, 211 West Ferguson, Tyler, Texas, 75702, Attention: Manager of the Three-Strikes List.**

SIGNED at Houston, Texas, on <u>December 1</u>, 2008.

_____
Nancy F. Atlas
United States District Judge

6